UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

YAQUELIN SOTO, as Personal Representative
of the Estate of CARLOS MANUEL ACOSTA,
deceased,

     Plaintiff,

v.

WILLIAM BELL; BARBARO HERNANDEZ;
OSVALDO RODRIGUEZ; ERIC WILSON;
MANUEL ALVAREZ-JACINTO; NORBERTO
ALVAREZ; individually; RAUL MARTINEZ,
individually; ROLANDO BOLANOS, individually;
CITY OF HIALEAH, a municipality,

     Defendants.

_____/

**CIV-ALTONAGA**

**MAGISTRATE
BANDSTRA**





## COMPLAINT

Plaintiff YAQUELIN SOTO, as personal representative of the estate of Carlos Manuel Acosta, deceased, sues Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO, and NORBERTO ALVAREZ, individually, RAUL MARTINEZ, individually, as Mayor of the City of Hialeah, ROLANDO BOLANOS, individually, as Chief of Police, City of Hialeah, and CITY OF HIALEAH, a municipality, jointly and severally and alleges:

## JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages in excess of this Court's minimum jurisdictional limits, exclusive of interest and costs arising out of one or more violations of State and Federal law detailed below.

Complaint
Page 2

2.      This action is brought pursuant to 42 U.S.C. § § 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C.§§

1331, 1343, 42 U.S.C.§ 1983 and the constitutional provisions mentioned above.  Moreover, pendent

jurisdiction exists over state law claims for wrongful death pursuant to the Florida Wrongful Death

Act.

3.      At  all  times  material  hereto,  Defendants  WILLIAM  BELL,  BARBARO

HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO, and

NORBERTO ALVAREZ were police officers employed by Defendant CITY OF HIALEAH, acting

within the course and scope of their employment, under color of law and without legal cause or

excuse, made an unreasonable search of the residence of the decedent, Carlos Manuel Acosta, and

further used illegal force against the decedent, Carlos Manuel Acosta, killing him, in violation of his

rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4.      At all times  material  hereto,  these  violations  were  committed  as  a  result  of  the

deliberate indifference and careless disregard of Defendants RAUL MARTINEZ and ROLANDO

BOLANOS, in their official capacity as Mayor and Police Chief, respectively, of the City of Hialeah,

and pursuant to the laws, policies, customs and/or usage of Defendant CITY OF HIALEAH.

5.      The acts and practices constituting the violations alleged below have occurred within

the jurisdiction of the United States District Court in and for the Southern District of Florida.

6.      Furthermore, an additional pendent claim under the laws of the State of Florida is

brought for wrongful death.

7.      Notice to the Defendants has been previously provided where applicable.  A copy of

such notice is attached hereto and incorporated herein as  **Exhibit A.**

Complaint
Page 3

8.      The Plaintiff seeks an award of damages for the wrongful death of Carlos Manuel Acosta, and the loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, for the loss of net accumulations of the estate of Carlos Manuel Acosta, and for funeral and burial expenses, under 42 U.S.C. §§ 1983, 1988 and the Florida Wrongful Death Statute.  The Plaintiff further seeks an award for punitive damages, court costs and attorney fees, where appropriate.

## IDENTIFICATION OF THE PARTIES

9.      Plaintiff YAQUELIN SOTO, is sui juris, a citizen and resident of Dade County, State of Florida.  Plaintiff YAQUELIN SOTO is the Personal Representative of the Estate of Carlos Manuel Acosta, pursuant to the laws of the State of Florida.

10.     Lian Carlos Acosta is the minor surviving son of Carlos Manuel Acosta, deceased, and Plaintiff YAQUELIN SOTO.

11.     Lien Acosta is the minor surviving daughter of Carlos Manuel Acosta, deceased.

12.     The decedent, Carlos Manuel Acosta, died as a result of  gunshot injuries sustained on November 18, 1999, in Miami-Dade County, Florida, from one or more of Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO, and NORBERTO ALVAREZ.

13.     At all times material hereto, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ were duly appointed and acting police officers of Defendant CITY OF HIALEAH, acted under color of law, regulations, policies, customs and/or usage of Defendant CITY OF HIALEAH and the State of Florida, and were employed by and served under Defendant CITY

Complaint
Page 4

OF HIALEAH, Defendant RAUL MARTINEZ, Mayor of the City of Hialeah, and Defendant

ROLANDO BOLANOS, Chief of the City of Hialeah Police Department.

14.    At all times material hereto, Defendant RAUL MARTINEZ was the duly elected

and/or appointed and acting Mayor of Defendant CITY OF HIALEAH, as such was responsible for

the day to day operations of the City of Hialeah, including the City of Hialeah Police Department,

and acted with deliberate indifference to the rights of the decedent, Carlos Manuel Acosta, and under

color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and/or

usage of the State of Florida and/or Defendant CITY OF HIALEAH.

15.    At all times material hereto, DefendantROLANDO BOLANOS was the duly elected

and/or appointed and acting Police Chief of the City of Hialeah Police Department, as such was

responsible for the day to day operations of the City of Hialeah Police Department, and acted with

deliberate indifference to the rights of the decedent, Carlos Manuel Acosta, and under color of law,

to wit, under color of the statutes, ordinances, regulations, policies, customs and/or usage of the State

of Florida and/or Defendant CITY OF HIALEAH.

16.    Defendant CITY OF HIALEAH is a municipality located in Dade County, Florida,

is the operator of the City of Hialeah Police Department, and is responsible, through its officers,

employees, servants, and agents, for enforcing the regulations, policies, customs and/or usage of

Defendant CITY OF HIALEAH and for ensuring that its officers, employees, servants, and agents

obey the laws of the State of Florida and the United States.

## **ALLEGATIONS OF FACT**

17.    On or about the evening of November 18, 1999, the decedent, Carlos Manuel Acosta,

was at his residence at 405 West 11th Street, Apt. #1, Hialeah, Florida.

Complaint
Page 5

18.     At such time and place, the decedent, Carlos Manuel Acosta, was preparing a meal in his kitchen, which was approximately four feet from the door to the residence.

19.     At such time and place, and without announcing themselves, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, acting under color of law, regulations, policies, customs and/or usage of Defendant CITY OF HIALEAH and/or the state of Florida, as police officers of the City of Hialeah Police Department, forcibly broke down the door of the decedent's residence purportedly predicated upon a search warrant obtained by Defendant NORBERTO ALVAREZ.

20.     At all times material hereto, no attempt was made by Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ, prior to executing the search warrant, to ascertain who or how many persons resided at 405 West 11th Street, Apt. #1, nor to ascertain floor plan information about the premises.

21.     Hearing the door to his residence being forcibly rammed open and believing that someone was trying to break in to his home, the decedent, Carlos Manuel Acosta, proceeded from his kitchen to his hallway to see what was going on.

22.     After violently breaking down the door, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ and ERIC WILSON, without having announced themselves, hurriedly entered the decedent's residence through its narrow hallway whereby Defendants WILLIAM BELL and BARBARO HERNANDEZ immediately and unexpectedly came upon the decedent and one or more of them immediately began shooting at the decedent.

Complaint
Page 6

23.      Without provocation or justification, the decedent, Carlos Manuel Acosta, was fatally

shot three times by one or more of these Defendants, including Defendant BARBARO

HERNANDEZ.  The decedent, Carlos Manuel Acosta, died at the scene as a result of the injuries

received from the shooting.

24.      There existed no warrant for the arrest of the decedent, Carlos Manuel Acosta, no

probable cause for the arrest of the decedent Carlos Manuel Acosta, and no legal cause or excuse to

seize the person of the decedent, Carlos Manuel Acosta, or fatally shoot him.

25.      At all times material hereto, Defendants OSVALDO RODRIGUEZ, ERIC WILSON,

MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ were present at the scene while the

aforementioned unlawful acts were being committed against CARLOS MANUEL ACOSTA and

failed to intervene to protect CARLOS MANUEL ACOSTA from such unlawful acts referenced

above.  Under the circumstances referred above, Defendants had reason to expect the use of

excessive force before it occurred and had opportunity to prevent it.  Accordingly, these Defendants

had the opportunity to intervene but failed to do so.

26.      As a direct and proximate result of the aforementioned acts of Defendants WILLIAM

BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL

ALVAREZ-JACINTO and NORBERTO ALVAREZ, the decedent, Carlos Manuel Acosta, suffered

the following injuries and damages:

a.      violation of his constitutional rights under the Fourth and Fourteenth

Amendments to the United States Constitution to be free from unreasonable searches and seizure of

his person, including the use of excessive and illegal force;

b.      loss of life;

Complaint
Page 7

    c.    physical pain and suffering, and mental and emotional pain and suffering.

27.    The actions of Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ violated clearly established and well settled federal constitutional rights of the decedent, Carlos Manuel Acosta, including:

    a.    Freedom from the unreasonable seizure of his person;

    b.    Freedom from unreasonable searches; and

    c.    Freedom from the use of excessive, unreasonable, and unjustified force against his person.

28.    All conditions precedent to the bringing of this action have been performed, waived or otherwise excused.

### COUNT I. -
### 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANTS BELL, HERNANDEZ, RODRIGUEZ, WILSON, ALVAREZ-JACINTO AND ALVAREZ

29.    The Plaintiff realleges paragraphs 1 through 28 as if specifically set forth herein, and further alleges:

30.    At all times material hereto, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ acted under color of law and pursuant to official policy, customs and/or usage as members of the City of Hialeah Police Department, and they subjected the decedent, Carlos Manuel Acosta, to the deprivation of rights and privileges secured to him by the Constitution of the United States, including the constitutional right to (1) not be deprived of his liberty, (2) due process of law, (3) be free from the use of excessive and illegal force against his person, and (4) be free from

Complaint
Page 8

unlawful searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

31.     At all times material hereto, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ acted under color of law, and with malice, deliberate indifference and/or reckless, callous and gross disregard to the aforementioned rights of the decedent, Carlos Manuel Acosta.

32.     Plaintiff YAQUELIN SOTO, as the personal representative of the estate of Carlos Manuel Acosta, deceased, claims damages for the wrongful death of Carlos Manuel Acosta.  Said damages include loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, loss of net accumulations of the estate of Carlos Manuel Acosta, and for funeral and burial expenses under 42 U.S.C. §§ 1983 and 1988 and the Florida Wrongful Death Act.

**WHEREFORE**, Plaintiff YAQUELIN SOTO demands compensatory and punitive damages against Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, individually, attorneys fees, costs, and further demands trial by jury of all issues triable as of right by a jury.

## COUNT II. -
## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT RAUL MARTINEZ

33.     The Plaintiff realleges paragraphs 1 through 32 as if specifically set forth herein, and further alleges:

34.     At all times material hereto, Defendant RAUL MARTINEZ  was responsible for the

Complaint
Page 9

day to day operation of the City of Hialeah, including the City of Hialeah Police Department, and for adopting and implementing rules and regulations for employees of Defendant CITY OF HIALEAH, including police officers of the City of Hialeah Police Department.

35.     At all times material hereto, Defendant RAUL MARTINEZ was responsible for implementing the rules, regulations, policies and procedures in regard to hiring, screening, training, supervising, controlling, disciplining, assigning and terminating police officers relating to their duties in the City of Hialeah Police Department and the performance of their responsibilities as law enforcement officers.

36.     At all times material hereto, Defendant RAUL MARTINEZ knew, or had he diligently exercised his official duties and used reasonable care, should have known, that the policies, procedures customs and/or usage of the City of Hialeah Police Department, and the hiring, screening, training, supervising, controlling, disciplining, assigning and terminating of its police officers were severely deficient because of numerous complaints to the City of Hialeah and the City of Hialeah Police Department of, inter alia, unreasonable searches and seizures, and the use of illegal and excessive force which constituted violations of Federal Constitutional rights on the part of its police officers.

37.     At all times material hereto, Defendant RAUL MARTINEZ knew, or had he diligently exercised his official duties and used reasonable care, should have known, that the problem of unreasonable searches and seizures, and the use of illegal and excessive force which constituted violations of Federal Constitutional rights on the part of City of Hialeah police officers was a prevalent problem existing in the City of Hialeah..

Complaint
Page 10

38.     At all times material hereto, Defendant RAUL MARTINEZ was deliberately indifferent in that he either expressly or impliedly acknowledged and assented to the failure to train and/or supervise and/or control and/or discipline and/or otherwise screen employees of the City of Hialeah Police Department including, but not limited to, Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, for dangerous propensities, lack of training and/or skill or other characteristics making said officers unfit to perform their duties.

39.     At all times material hereto, Defendant RAUL MARTINEZ was deliberately indifferent to the rights of the public, including the decedent, Carlos Manuel Acosta, in that he failed to determine whether members of the City of Hialeah Police Department, including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, posed a threat to the public as a result of their propensity to commit unlawful acts and to engage in violent activity including the use of illegal and excessive force.

40.     At all times material hereto, Defendant RAUL MARTINEZ, through his deliberate indifference, failed to ensure that police officers of the City of Hialeah Police Department did not violate the constitutional and statutory rights of citizens of the State of Florida, including the decedent, Carlos Manuel Acosta, while said police officers were acting under color of state law for the City of Hialeah.

41.     At all times material hereto, Defendant RAUL MARTINEZ acted with deliberate indifference and reckless and/or callous disregard for the rights of persons, including decedent, Carlos Manuel Acosta, who might be assaulted, injured, battered or killed by police officers of the

Complaint
Page 11

City of Hialeah Police Department who had been inadequately trained and/or supervised and/or disciplined.

42.     Despite the notice and knowledge of Defendant RAUL MARTINEZ as to the dangerous propensities of City of Hialeah police officers, Defendant RAUL MARTINEZ failed to implement any policies, procedures or programs to properly train and/or discipline said officers or otherwise intentionally failed to protect the public, including decedent, Carlos Manuel Acosta, from such danger.

43.     At all times material hereto,   Defendant RAUL MARTINEZ was deliberately indifferent in the selection and/or training and/or supervision and/or control and/or disciplining and/or retention of City of Hialeah police officers, including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ as officers of the City of Hialeah Police Department, in that, inter alia:

a.      He appointed Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ as police officers when he knew, or had he diligently exercised his official duties and used reasonable care, should have known, of the disposition of said police officers to engage in such unlawful conduct pursuant to official policies, customs and/or usage; and

b.      Despite the fact that he knew, or had he diligently exercised his official duties and used reasonable care, should have known, that this pattern of conduct pursuant to official policies, customs and/or usage was being carried out by City of Hialeah police officers, including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC

Complaint
Page 12

WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ, Defendant RAUL

MARTINEZ , with deliberate indifference, malice and reckless disregard to the rights of the

decedent, Carlos Manuel Acosta, failed and refused to:

(1)     Remove police officers, including Defendants WILLIAM BELL,

BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-

JACINTO and/or NORBERTO ALVAREZ from their positions as police officers;

(2)     Take any meaningful disciplinary action against police officers,

including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ,

ERIC WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ;

(3)     Take steps to properly train police officers, including Defendants

WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON,

MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ; and

(4)     Implement proper policies and procedures to provide redress for

citizens such as the decedent, Carlos Manuel Acosta, who was injured thereby.

44.     At all times material hereto, the deliberate indifference of Defendant RAUL

MARTINEZ, as aforementioned, violated the constitutional rights of all persons, including decedent

Carlos Manuel Acosta, for which 42 U.S.C. § 1983 provides a remedy.

45.     The Plaintiff's decedent's injuries were caused by the previously described acts,

omissions, policies or customs of Defendant RAUL MARTINEZ.

46.     As a direct and proximate result of the acts and omissions described above, in

violation of the United States Constitution, Plaintiff YAQUELIN SOTO, as the personal

Complaint
Page 13

representative of the estate of Carlos Manuel Acosta, deceased, claims damages for the wrongful death of Carlos Manuel Acosta and the violation of his civil rights.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages against Defendant RAUL MARTINEZ, individually, attorneys fees, costs and further demands trial by jury of all issues triable as of right by a jury.

## COUNT III. -
## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT ROLANDO BOLANOS

47.     The Plaintiff realleges paragraphs 1 through 32 as if specifically set forth herein, and further alleges:

48.     At all times material hereto, Defendant ROLANDO BOLANOS was responsible for the day to day operation of the City of Hialeah Police Department, and for adopting and implementing rules and regulations for employees of Defendant CITY OF HIALEAH, including police officers of the City of Hialeah Police Department.

49.     At all times material hereto, Defendant ROLANDO BOLANOS was responsible for implementing the rules, regulations, policies and procedures in regard to hiring, screening, training, supervising, controlling, disciplining, assigning and terminating police officers relating to their duties in the City of Hialeah Police Department and the performance of their responsibilities as law enforcement officers.

50.     At all times material hereto, Defendant ROLANDO BOLANOS knew, or had he diligently exercised his official duties and used reasonable care, should have known, that the policies, procedures customs and/or usage of the City of Hialeah Police Department, and the hiring, screening, training, supervising, controlling, disciplining, assigning and terminating of its police

Complaint
Page 14

officers were severely deficient because of numerous complaints to the City of Hialeah and the City

of Hialeah Police Department of, <u>inter alia</u>, unreasonable searches and seizures, and the use of illegal

and excessive force which constituted violations of Federal Constitutional rights on the part of its

police officers.

51.    At all times material hereto, Defendant ROLANDO BOLANOS knew, or had he

diligently exercised his official duties and used reasonable care, should have known, that the problem

of unreasonable searches and seizures, and the use of illegal and excessive force which constituted

violations of Federal Constitutional rights on the part of City of Hialeah police officers was a

prevalent problem existing in the City of Hialeah..

52.    At all times material hereto, Defendant ROLANDO BOLANOS was deliberately

indifferent in that he either expressly or impliedly acknowledged and assented to the failure to train

and/or supervise and/or control and/or discipline and/or otherwise screen employees of the City of

Hialeah Police Department including, but not limited to, Defendants WILLIAM BELL, BARBARO

HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and

NORBERTO ALVAREZ, for dangerous propensities, lack of training and/or skill or other

characteristics making said officers unfit to perform their duties.

53.    At all times material hereto, Defendant ROLANDO BOLANOS was deliberately

indifferent to the rights of the public, including the decedent, Carlos Manuel Acosta, in that he failed

to determine whether members of the City of Hialeah Police Department, including Defendants

WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON,

MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, posed a threat to the public as a

Complaint
Page 15

result of their propensity to commit unlawful acts and to engage in violent activity including the use

of illegal and excessive force.

54.     At all times material hereto, Defendant ROLANDO BOLANOS , through his

deliberate indifference, failed to ensure that police officers of the City of Hialeah Police Department

did not violate the constitutional and statutory rights of citizens of the State of Florida, including the

decedent, Carlos Manuel Acosta, while said police officers were acting under color of state law for

the City of Hialeah.

55.     At all times material hereto, Defendant ROLANDO BOLANOS acted with deliberate

indifference and reckless and/or callous disregard for the rights of persons, including decedent,

Carlos Manuel Acosta, who might be assaulted, injured, battered or killed by police officers of the

City of Hialeah Police Department who had been inadequately trained and/or supervised and/or

disciplined.

56.     Despite the notice and knowledge of Defendant ROLANDO BOLANOS as to the

dangerous propensities of City of Hialeah police officers, Defendant ROLANDO BOLANOS failed

to implement any policies, procedures or programs to properly train and/or discipline said officers

or otherwise intentionally failed to protect the public, including decedent, Carlos Manuel Acosta,

from such danger.

57.     At all times material hereto,  Defendant ROLANDO BOLANOS was deliberately

indifferent in the selection and/or training and/or supervision and/or control and/or disciplining

and/or retention of City of Hialeah police officers, including Defendants WILLIAM BELL,

BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-

Complaint
Page 16

JACINTO and NORBERTO ALVAREZ as officers of the City of Hialeah Police Department, in

that, inter alia:

     a.     He appointed Defendants WILLIAM BELL, BARBARO HERNANDEZ,

OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO

ALVAREZ as police officers when he knew, or had he diligently exercised his official duties and

used reasonable care, should have known, of the disposition of said police officers to engage in such

unlawful conduct pursuant to official policies, customs and/or usage; and

     b.     Despite the fact that he knew, or had he diligently exercised his official duties

and used reasonable care, should have known, that this pattern of conduct pursuant to official

policies, customs and/or usage was being carried out by City of Hialeah police officers, including

Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC

WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ, Defendant JOSE

BOLANOS, with deliberate indifference, malice and reckless disregard to the rights of the decedent,

Carlos Manuel Acosta, failed and refused to:

     (1)     Remove police officers, including Defendants WILLIAM BELL,

BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-

JACINTO and/or NORBERTO ALVAREZ from their positions as police officers;

     (2)     Take any meaningful disciplinary action against police officers,

including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ,

ERIC WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ;

Complaint
Page 17

(3)     Take steps to properly train police officers, including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and/or NORBERTO ALVAREZ; and

(4)     Implement proper policies and procedures to provide redress for citizens such as the decedent, Carlos Manuel Acosta, who was injured thereby.

58.     At all times material hereto, the deliberate indifference of Defendant ROLANDO BOLANOS, as aforementioned, violated the constitutional rights of all persons, including decedent Carlos Manuel Acosta, for which 42 U.S.C. § 1983 provides a remedy.

59.     The Plaintiff's decedent's injuries were caused by the previously described acts, omissions, policies or customs of Defendant ROLANDO BOLANOS.

60.     As a direct and proximate result of the acts and omissions described above, in violation of the United States Constitution, Plaintiff YAQUELIN SOTO, as the personal representative of the estate of Carlos Manuel Acosta, deceased, claims damages for the wrongful death of Carlos Manuel Acosta and the violation of his civil rights.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages against Defendant ROLANDO BOLANOS, individually, attorneys fees, costs and further demands trial by jury of all issues triable as of right by a jury.

### COUNT IV. - 42 U.S.C. § 1983
### CLAIM AGAINST DEFENDANT CITY OF HIALEAH

61.     The Plaintiff realleges paragraphs 1 through 60 as if specifically set forth herein, and further alleges:

Complaint
Page 18

62.     At all times material hereto, Defendant CITY OF HIALEAH, by and through its agents and/or employees, Defendants RAUL MARTINEZ and ROLANDO BOLANOS, acting within the course and scope of their agency and/or employment, permitted and tolerated, and caused a pattern and practice of, unjustified, unreasonable and illegal searches and use of force against members of the public, including the decedent, Carlos Manuel Acosta, by police officers of Defendant CITY OF HIALEAH. Although such acts were improper, police officers involved were not prosecuted and/or disciplined and/or subjected to retraining, and some of said incidents were in fact covered up with official claims that their acts were justified and proper. As a result, Defendant CITY OF HIALEAH police officers, including Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, were caused and encouraged to believe that members of the public, including the decedent, Carlos Manuel Acosta, could be subjected to illegal searches and seizures, and illegal use of force, and that such illegal searches and seizures, and illegal use of force would, in fact, be permitted and/or tolerated by Defendant CITY OF HIALEAH.

63.     At all times material hereto, the Defendant CITY OF HIALEAH Police Department, through its police officers, maintained a custom of using excessive force and making unlawful searches, seizures, arrests, and detentions.

64.     At all times material hereto, the cited conduct represents a pattern in which citizens, including the decedent, Carlos Manuel Acosta, were injured, endangered or killed by the deliberate and intentional and/or reckless misconduct of the Defendant CITY OF HIALEAH police officers, and serious incompetence or misbehavior was widespread throughout the Defendant CITY OF HIALEAH Police Department.

Complaint
Page 19

65.      At all times material hereto, Defendant CITY OF HIALEAH maintained a system of

review of incidents of abuse of lawful authority such as use of illegal use of force, unlawful searches,

seizures, detentions and/or arrests, among other things, by its police officers, and complaints thereof,

which has failed to identify such unlawful conduct by its police officers, and further failed to subject

police officers who employed such acts to appropriate discipline and/or supervision, and/or

retraining and/or termination, to the extent that it has become the de facto policy and custom of

Defendant CITY OF HIALEAH to permit and/or tolerate such acts by its police officers.

66.      Defendant CITY OF HIALEAH, through Defendants RAUL MARTINEZ and

ROLANDO BOLANOS, and the City of Hialeah Police Department and its police officers, has

maintained a long-standing, widespread history of failure to properly hire and/or train and/or

supervise and/or discipline and/or retrain and/or terminate its police officers for, among other things,

unlawful searches, seizures, detentions and/or arrests, and illegal use of force, even though it had

notice of this unlawful conduct by its agents and/or employees.

67.      At all times material hereto, the foregoing acts, omissions, policies or customs of

Defendant CITY OF HIALEAH caused its police officers, including Defendants WILLIAM BELL,

BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-

JACINTO and NORBERTO ALVAREZ, to believe that acts such as unlawful searches, seizures,

detentions and/or arrests, and illegal use of force, among other things, would not be properly

monitored by supervisory officers, and would not be investigated or sanctioned, but instead would

be permitted and/or tolerated, with the foreseeable result that its police officers, including

Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC

WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ, were more likely to

Complaint
Page 20

make unlawful searches, seizures, detentions and/or arrests, and use improper, illegal and excessive force.

68.     At all times material hereto, Plaintiff's decedent, Carlos Manuel Acosta, was a victim of said abuses of lawful authority, and said illegal acts were the direct result of the previously described acts, omissions, policies or customs of Defendant CITY OF HIALEAH.

69.     As a direct and proximate result of the acts described above, in violation of the United States Constitution, Plaintiff YAQUELIN SOTO, as the personal representative of the estate of Carlos Manuel Acosta, deceased, claims damages for the wrongful death of Carlos Manuel Acosta and the violation of his civil rights.

**WHEREFORE**, the Plaintiff demands compensatory and punitive damages against Defendant CITY OF HIALEAH, attorneys fees, costs, and further demands trial by jury of all issues triable as of right by a jury.

## COUNT V - NEGLIGENCE CLAIM
## AGAINST DEFENDANT CITY OF HIALEAH

70.     The Plaintiff realleges paragraph 1 through 28 as if specifically set forth herein, and further alleges:

71.     At all times material to this Complaint, Defendant CITY OF HIALEAH, owed a duty of reasonable care to the public in general, and Plaintiff's decedent, Carlos Manuel Acosta, specifically.

72.     At all times material to this Complaint, Defendant CITY OF HIALEAH, by and through its agents and/or employees, acting within the course and scope of their agency and/or employment, was negligent and breached such duty by committing one or more of the following acts:

Complaint
Page 21

      a.     appointing Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ as police officers when they knew, or in the exercise of reasonable care, should have known, of the disposition of said police officers to engage in unlawful conduct;

      b.     failing to remove Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ from their positions as police officers;

      c.     failing to take any meaningful disciplinary action against Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ;

      d.     failing to properly train Defendants WILLIAM BELL, BARBARO HERNANDEZ, OSVALDO RODRIGUEZ, ERIC WILSON, MANUEL ALVAREZ-JACINTO and NORBERTO ALVAREZ;

      e.     Failing to reasonably execute a search warrant; and

      f.     Failing to reasonably use force in the execution of a search warrant.

    73.    As a direct and proximate result of the aforementioned negligent acts of Defendant CITY OF HIALEAH, by and through its agents and/or employees, acting within the course and scope of their agency and/or employment, Plaintiff 's decedent, Carlos Manuel Acosta, suffered serious and fatal injuries resulting to his death.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF
LIAN CARLOS ACOSTA, AS SURVIVING MINOR SON OF
<u>CARLOS MANUEL ACOSTA, DECEASED</u>**

Complaint
Page 22

74.     Plaintiff adopts and realleges paragraphs 1 through 28 and 71 through 73 as if specifically set forth herein, and further alleges:

75.     As a direct and proximate result of the negligence of the Defendants, as hereinabove alleged, resulting in the death of Carlos Manuel Acosta, the decedent's minor son, LIAN CARLOS ACOSTA, has in the past suffered and will in the future continue to suffer damages, including the loss of his father's attention, care, comfort and companionship; loss of his father's support and maintenance, both financial and emotional; and has in the past and will in the future endure great mental pain and suffering as a result of his father's death.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF
LIEN ACOSTA, AS SURVIVING MINOR DAUGHTER OF
CARLOS MANUEL ACOSTA, DECEASED**

76.     Plaintiff adopts and realleges paragraphs 1 through 28 and 71 through 73 as if specifically set forth herein, and further alleges:

77.     As a direct and proximate result of the negligence of the Defendants, as hereinabove alleged, resulting in the death of Carlos Manuel Acosta, the decedent's minor daughter, LIEN ACOSTA, has in the past suffered and will in the future continue to suffer damages, including the loss of her father's attention, care, comfort and companionship; loss of her father's support and maintenance, both financial and emotional; and has in the past and will in the future endure great mental pain and suffering as a result of her father's death.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF
THE ESTATE OF CARLOS MANUEL ACOSTA, DECEASED**

78.     Plaintiff adopts and realleges paragraphs 1 through 27 and 70 through 72 as if specifically set forth herein, and further alleges:

Complaint
Page 23

79.      As a direct and proximate result of the negligence of the Defendants, as hereinabove alleged, resulting in the death of Carlos Manuel Acosta, the Estate of Carlos Manuel Acosta has in the past suffered and will in the future continue to suffer damages including the loss of net accumulations, medical and funeral expenses due to the decedent's injury and death that have or will be charged against the Estate or that were paid on behalf of the decedent.

**WHEREFORE**, Plaintiff YAQUELIN SOTO, as Personal Representative of the Estate of Carlos Manuel Acosta, deceased, demands judgment against Defendant CITY OF HIALEAH for compensatory damages, costs, attorneys fees, where applicable, pre-judgement and post judgement interest, where applicable, and further demands trial by jury of all issues triable as of right by a jury.

Respectfully submitted,

Law Offices of
A. FRANCISCO ARECES, P.A.
Attorneys for Plaintiff
150 Alhambra Circle, Suite 1270
Coral Gables, FL 33134
(305) 444-5000

By _____
A. Francisco Areces, Esq.
FBN: 0724017

LAW OFFICES OF

# A. FRANCISCO ARECES, P.A.

ATTORNEYS AT LAW

MERRILL LYNCH BUILDING
SUITE 1270
150 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

A. FRANCISCO ARECES

OF COUNSEL
OSE A. RODRIGUEZ
RICHARD A. BOUCHER

TELEPHONE (305) 444-5000
FAX (305) 444-5004

August 1, 2000

Raul L. Martinez, Mayor
City of Hialeah
501 Palm Ave.
Hialeah, FL 33010

State of Florida
Insurance Commissioner
200 E. Gaines St.
Tallahassee, FL 32399-0300

**CERTIFIED MAIL RETURN RECEIPT**

RE:   **SOTO/ACOSTA v. CITY OF HIALEAH**
      **NOTICE OF INTENT TO SUE**

Mayor Martinez:

The following is the claimants' formal notice of claim and injury pursuant to the requirements of Florida Statutes, §768.28.

The undersigned represents Yaquelin Soto, as personal representative of the estate of Carlos Manuel Acosta, deceased, Lian Carlos Acosta, surviving son, a minor, by and through his legal guardian and natural mother, Yaquelin Soto, and Lien Acosta, surviving daughter, a minor, by and through Yaquelin Soto. Carlos Manuel Acosta, was shot and killed on November 18, 1999, by the Hialeah Police SWAT Team at his home, located at 405 W. 11 St., Apt. 1, Hialeah, Florida, during an improper and tortious service of a search/arrest warrant by Officer Barbaro Hernandez, I.D. No. 1004, Officer Norberto Alvarez, I.D. No. 0081, Officer Osvaldo Rodriguez, I.D. No. 0874, Sergeant William Bell, I.D. No. 0926, and Detective Carlos Arango, I.D. No. 0719.

It is our contention that the City of Hialeah, Hialeah Police Department, by and through, its agents, servants and/or employees, was negligent while serving the search/arrest warrant and failed to follow

**EXHIBIT "A"**

Raul L. Martinez, Mayor
August 1, 2000
Page 2

proper police procedures, resulting in the wrongful death of Carlos Manuel Acosta. Additionally, we contend that the City of Hialeah, Hialeah Police Department violated Carlos Manuel Acosta's civil rights in the process of serving the search/arrest warrant, resulting in the wrongful death of Carlos Manuel Acosta.

This letter should be considered notice of the aforementioned claims to all above named entities as required by Florida Statute Section 768.28 and the claimants' intentions to seek damages against the City of Hialeah, Hialeah Police Department.

Pursuant to Florida Statute, Section 768.28 (6)(c), the following information is provided:

1.    The claimants' names and addresses are:

    (a)    Yaqueline Soto, as Personal
        Representative of the  Estate of
        Carlos Manuel Acosta, deceased
        8800 N.W. 119 St.
        Hialeah Gardens FL 33018
        D/O/B:  11/17/74
        SS: NO.: 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

    (b)    Lian Carlos Acosta, surviving son,
        by and through his Legal Guardian,
        Yaqueline Soto, as Personal
        Representative of the
        Estate of Carlos Manuel Acosta, deceased
        8800 N.W. 119 St.
        Hialeah Gardens FL 33018
        D/O/B:  05/07/94
        SS: NO.: 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

    (c)    Lien  Acosta, surviving daughter,
        by and through Yaqueline Soto,
        as Personal Representative of the
        Estate of Carlos Manuel Acosta, deceased
        8800 N.W. 119 St.
        Hialeah Gardens FL 33018
        D/O/B: 12/25/84

2.    There exists no prior adjudicated unpaid claim in excess of $200.00.

Raul L. Martinez, Mayor
August 1, 2000
Page 3

It is respectfully requested that if the above-named defendants are inclined to deny liability of this claim, that such denial be made prior to the expiration of the six month period which may be permissible under Florida Statute Section 768.28. If this letter fails in any particulars to comply with any requirements of law or regulation thereunder, it is also requested that immediate notice of any such deficiency be given to this office.

We are specifically requesting that if the Department of Insurance has no financial interest in this matter, that such department promptly advise the City of Hialeah, Hialeah Police Department of the claimants' compliance with Florida Statute Section 768.28, and advise this office that the Insurance Department has no financial interest in this matter.

We respectfully request that a copy of this notice be sent to the insurance carrier or appropriate provider with the request that the said carrier or provider contact us regarding this claim so that we may submit supporting medical records, bills and other information pertaining to this incident.

Thank you for your cooperation and courtesy.

A. Francisco Areces

AFA/sg

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Raul L. Martinez
001 Palm Ave.
Hialeah, FL 33010

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of D

C. Signature

X _____    ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

HIALEAH FL MAIN OFFICE   AUG   2003   USPS

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

7000 0520 0017 9372 7868

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

---

7000 0520 0017 9372 7868

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees | $

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Raul L. Martinez
Street, Apt. No.; or PO Box No.
001 Palm Ave.
City, State, ZIP+4
Hialeah, FL 33010

PS Form 3800, February 2000        See Reverse for Instructions

LAW OFFICES OF
## A. FRANCISCO ARECES, P.A.
ATTORNEYS AT LAW

MERRILL LYNCH BUILDING
SUITE 1270
150 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

A. FRANCISCO ARECES
—————
OF COUNSEL
JOSE A. RODRIGUEZ
RICHARD A. BOUCHER

TELEPHONE (305) 444-5000
FAX (305) 444-5004

August 1, 2000

Raul L. Martinez, Mayor
City of Hialeah
501 Palm Ave.
Hialeah, FL 33010

State of Florida
Insurance Commissioner
200 E. Gaines St.
Tallahassee, FL 32399-0300

**CERTIFIED MAIL RETURN RECEIPT**

**RE:   SOTO/ACOSTA v. CITY OF HIALEAH**
        **NOTICE OF INTENT TO SUE**

Mayor Martinez:

The following is the claimants' formal notice of claim and injury pursuant to the requirements of Florida Statutes, §768.28.

The undersigned represents Yaquelin Soto, as personal representative of the estate of Carlos Manuel Acosta, deceased, Lian Carlos Acosta, surviving son, a minor, by and through his legal guardian and natural mother, Yaquelin Soto, and Lien Acosta, surviving daughter, a minor, by and through Yaquelin Soto. Carlos Manuel Acosta, was shot and killed on November 18, 1999, by the Hialeah Police SWAT Team at his home, located at 405 W. 11 St., Apt. 1, Hialeah, Florida, during an improper and tortious service of a search/arrest warrant by Officer Barbaro Hernandez, I.D. No. 1004, Officer Norberto Alvarez, I.D. No. 0081, Officer Osvaldo Rodriguez, I.D. No. 0874, Sergeant William Bell, I.D. No. 0926, and Detective Carlos Arango, I.D. No. 0719.

It is our contention that the City of Hialeah, Hialeah Police Department, by and through, its agents, servants and/or employees, was negligent while serving the search/arrest warrant and failed to follow

Raul L. Martinez, Mayor
August 1, 2000
Page 2

proper police procedures, resulting in the wrongful death of Carlos Manuel Acosta. Additionally, we contend that the City of Hialeah, Hialeah Police Department violated Carlos Manuel Acosta's civil rights in the process of serving the search/arrest warrant, resulting in the wrongful death of Carlos Manuel Acosta.

This letter should be considered notice of the aforementioned claims to all above named entities as required by Florida Statute Section 768.28 and the claimants' intentions to seek damages against the City of Hialeah, Hialeah Police Department.

Pursuant to Florida Statute, Section 768.28 (6)(c), the following information is provided:

1.    The claimants' names and addresses are:

    (a)    Yaqueline Soto, as Personal
         Representative of the Estate of
         Carlos Manuel Acosta, deceased
         8800 N.W. 119 St.
         Hialeah Gardens FL 33018
         D/O/B: 11/17/74
         SS: NO.: 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

    (b)    Lian Carlos Acosta, surviving son,
         by and through his Legal Guardian,
         Yaqueline Soto, as Personal
         Representative of the
         Estate of Carlos Manuel Acosta, deceased
         8800 N.W. 119 St.
         Hialeah Gardens FL 33018
         D/O/B: 05/07/94
         SS: NO.: 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

    (c)    Lien Acosta, surviving daughter,
         by and through Yaqueline Soto,
         as Personal Representative of the
         Estate of Carlos Manuel Acosta, deceased
         8800 N.W. 119 St.
         Hialeah Gardens FL 33018
         D/O/B: 12/25/84

2.    There exists no prior adjudicated unpaid claim in excess of $200.00.

Raul L. Martinez, Mayor
August 1, 2000
Page 3

It is respectfully requested that if the above-named defendants are inclined to deny liability of this claim, that such denial be made prior to the expiration of the six month period which may be permissible under Florida Statute Section 768.28. If this letter fails in any particulars to comply with any requirements of law or regulation thereunder, it is also requested that immediate notice of any such deficiency be given to this office.

We are specifically requesting that if the Department of Insurance has no financial interest in this matter, that such department promptly advise the City of Hialeah, Hialeah Police Department of the claimants' compliance with Florida Statute Section 768.28, and advise this office that the Insurance Department has no financial interest in this matter.

We respectfully request that a copy of this notice be sent to the insurance carrier or appropriate provider with the request that the said carrier or provider contact us regarding this claim so that we may submit supporting medical records, bills and other information pertaining to this incident.

Thank you for your cooperation and courtesy.

A. Francisco Aredes

AFA/sg

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*State of Florida*
*Insurance Commissioner*
*200 E Gaines St.*
*Tallahassee, Fl 32399*

---

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by (Please Print Clearly)   B. Date of Deliver

DEPARTMENT OF INSURANCE
TREASURER AND FIRE MARSHAL
L. SNEATH, MAIL CENTER SUPERVISOR

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 0 4 2000

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2

P

102595-00-M-0952



7000 0520 0017 9372 7875

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Cove... Provided)*

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Postmark
Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
*State of Florida*

Street, Apt. No.; or PO Box No.
*200 E Gaines St.*

City, State, ZIP+4
*Tallahassee, Fl 32399*

PS Form 3800, February 2000   See Reverse for Instructions

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03 23002

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Yaquelin Soto, as Personal Representative of the Estate of Carlos Manuel Acosta, deceased

## DEFENDANTS

William Bell; Barbaro Hernandez; Osvaldo Rodriguez; Eric Wilson; Manuel Alvarez-Jacinto; Norberto Alvarez; individually, and in their official capacity as police officers for the City of Hialeah; Raul Martinez, individually, and in his official capacity as Mayor of the City of Hialeah Jose Bolanos, individually, and as Chief of Police, City of Hialeah

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 03-23002 Civ Altonaga

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

A. Francisco Areces, P.A., (305) 444-5000
150 Alhambra Circle, Suite 1270 Coral Gables, FL 33134

ATTORNEYS (IF KNOWN)

Unknown at this time

CIV-ALTONAGA

MAGISTRATE
BANDSTRA

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   (DADE)   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                    AND ONE BOX FOR DEFENDANT)

|                          | PTF | DEF |                                                          | PTF | DEF |
|--------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State    | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☒ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury, Product Liability | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| B☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Civil Rights under 42 U.S.C. §§1983, 1988.

LENGTH OF TRIAL

via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** Compensatory & Punitive Damages

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   11/12/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT $150.00   APPLYING IFP 892168   JUDGE _____   MAG. JUDGE _____

11/12/03